JOHN WATT, Plaintiff in error, who was Plaintiff below, *v.* STEWART STEEL, Defendant in error.

### IN ERROR.

A judgment for residue of purchase money, entered up a day after the vendor had conveyed the legal title, does not exclude a prior judgment against the vendee.

ERROR to the Common Pleas of Westmoreland county.

In the court below, the following case was stated for the opinion of the court, to be considered in the nature of a special verdict, with liberty for either party to prosecute a writ of error.

On the 6th day of March, 1838, John Watt entered into articles of agreement with Henry George, Jun., for the sale of a tract of land, situated in Washington township, Westmoreland county, in consideration of the sum of $298, of which $50 was to be paid on the first day of April, 1838, and the residue in annual payments of $50, until the whole amount of said purchase money should be paid. By said article it was further provided, that upon the delivery of a deed for the premises aforesaid, George was to give Watt judgment bonds to secure the payment of the said residue.

On the 19th of April, 1839, a judgment was entered in the Common Pleas of Westmoreland county, to February term, 1839, No. 181, by Boyle and Mitchell against Henry George, Jun., for the sum of

$1071 30; and the said article of agreement was filed of record on the same day that the judgment aforesaid was entered up, to wit, on the 19th day of April, 1839. All the purchase money due at that time was paid, with the exception of $50, which had become due on the first day of said month.

On the 9th day of April, 1841, John Watt and wife delivered a deed in fee-simple to Henry George, Jun., for the premises in question; and at the same time Henry George, Jun. delivered to John Watt two promissory notes with power to confess judgment, to wit, one for the sum of $50 with stay of execution to the 1st day of April, 1842, and one for the sum of $48 with stay of execution to the first day of April, 1843, being the amount of residue of purchase money.

The deed and notes were executed and delivered on the premises, situate in Washington township, and distant sixteen miles from the borough of Greensburg. Judgment was entered on said notes the day after delivery, to wit, the 10th day of April, 1841.

On the 4th day of August, 1842, the premises aforesaid were exposed to sale by the sheriff of said county under a venditioni exponas, No. 175, to August term, 1842, at the suit of the administrators of John George, deceased, and sold to Stewart Steel, Esq., (the above defendant,) for the sum of $500, to whom the judgment of Boyle and Mitchell was assigned before sale.

John Watt claims to be paid the above-mentioned two judgments, to wit, No. 176, and 177, of February term, 1841, with interest, &c., (being the residue of purchase money due on said land) out of the proceeds of sale.

If upon the above statement of facts, the court should be of opinion, that the said John Watt is entitled to be paid the said residue of purchase money out of the proceeds of sale, then, judgment to be entered in favour of plaintiff. If otherwise, judgment to be entered for defendant.

The court rendered judgment for the defendant. Whereupon the plaintiff removed the record to this court. The only question in this court was, whether a judgment for residue of purchase money, entered up a day after the vendor had conveyed the legal title, did not exclude a prior judgment against the vendee.

*Armstrong*, for plaintiff in error, cited 6 Bin. 185; 2 Yeates, 23; 6 Watts, 60; 10 Watts, 434.

*Foster*, contrà, cited 8 Serg. & Rawle, 435, 440, and 4 Watts, 470.

PER CURIAM. A vendor may convey the legal title without risk of danger from judgments which bind the equitable interest of the

vendee derived from payment of purchase money, provided he take a mortgage for the residue; for both deeds, in such a case, being executed together, are parts of the same conveyance, and stand together as a single instrument containing a condition that the land be charged in the hands of the vendee. But that the same effect can be produced by a simultaneous conveyance and a judgment, which are distinct things, is not so clear. On that point, however, it is unnecessary to intimate an opinion, as an entire day intervened, in this case, between the conveyance and the judgment; and as a judgment, which binds the vendee's equity, fastens on the legal title also as soon as it is conveyed to him, the vendor's judgment came too late. That the articles of agreement had been recorded at the time prior judgment was entered, is immaterial, because the defendant is entitled to the money in court, not as a purchaser, but as a prior encumbrancer.

Judgment affirmed.